UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RUTH-ANN OF THE HOUSE OF
STUTZMAN, R.J., and A.H.,

    Plaintiffs,

v.       CAUSE NO. 3:23-CV-66 DRL-SJF

STEPHANIE A. GATT *et al.*,

    Defendants.

OPINION AND ORDER

Ruth-Ann of the House of Stutzman filed a *pro se* complaint on January 18, 2023 [1]. A complaint in federal court must include "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief…and a demand for the relief sought." Fed. R. Civ. P. 8(a). These requirements allow a defendant to have fair notice of the plaintiff's claims. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012).

The complaint doesn't meet Rule 8(a)'s requirements. It is incomprehensible. The complaint seems to accuse judges, prosecutors, clerks, sheriffs, police officers, tow-truck drivers, CPS caseworkers, state troopers, and United States Marshals of acts like kidnapping and theft of property. It seems to go on to say that two members of an ecclesia are being held hostage by the State of Indiana. The complaint is prolix and inappropriately contains a seeming mix of unrelated claims.

The plaintiff brought this complaint without a lawyer, so the court must construe the complaint's allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The complaint and

its exhibits nevertheless don't assert any basis for federal jurisdiction and don't express what sort of claim for relief the plaintiff makes, apart from reference to 18 U.S.C. § 241, Conspiracy Against Rights. But that's a criminal statute, and this court cannot initiate criminal proceedings, nor can the plaintiff—that is the job of prosecutors.

The complaint doesn't present any basis for the court or any defendant to determine why the plaintiff claims entitlement to any form of relief. "The dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). And the plaintiff cannot represent or proceed on behalf of other plaintiffs in a *pro se* capacity.

In addition, this case was initiated more than two years ago and the plaintiff has yet to provide the court with indication that any of the 81 defendants have been served, *see* Fed. R. Civ. P. 4(m), and otherwise has taken no action, *see* Fed. R. Civ. P. 41. The case seems to be stale and abandoned. The court will nonetheless afford the plaintiff until February 25, 2025 to file an amended complaint that complies with Rule 8(a) and to perfect service under Rule 4(m). The plaintiff must serve the defendants if she wishes to proceed with this case.

Accordingly, the court AFFORDS the plaintiff leave to file an amended complaint that complies with Rule 8(a) by February 25, 2025 and CAUTIONS the plaintiff that failure to comply with this deadline will result in dismissal of this action as abandoned under Rule 41 or for failure to serve under Rule 4(m) without further notice.

SO ORDERED.

February 5, 2025                                  *s/ Damon R. Leichty*
                                                  Judge, United States District Court